UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE,<br><br>    Plaintiff,<br><br>vs.<br><br>CORCORAN STATE PRISON,<br><br>    Defendant.<br>_____/ | 1:00-cv-06843-AWI-LJO-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 91)<br><br>**ORDER DENYING MOTION TO DISMISS** (Doc.84)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** (Doc. 84)<br><br>**ORDER DISMISSING ACTION** |

    Plaintiff, Daniel Rowe ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On May 27, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On July 1, 2995, plaintiff filed a motion to extend time. On July 14, 2005, the court granted plaintiff an additional

1

thirty (30) days within which to respond.  On August 12, 2005, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including the objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7; LeMaire v. Maass, 12 F.3d 1444, 1454 (9th Cir.1993).

In his objections, Plaintiff contends the Magistrate Judge failed to consider why Plaintiff refused to comply with orders that he return his food tray and close the food port.  Plaintiff claims he took the actions he did because he wanted to talk to a lieutenant about not receiving a shower.  Regardless of why

2

1  Plaintiff refused orders, Plaintiff admits he refused them
2  repeatedly, leaving Defendants with little other choices.  In
3  the objections, Plaintiff states that he was not assaulted until
4  after being pepper sprayed and handcuffed.  While Plaintiff
5  argues it would have been unlogical for him to resist at this
6  point, Plaintiff has provided no evidence, such as his own
7  affidavit, stating Plaintiff was not continuing to resist and
8  attack officers after being pepper sprayed and handcuffed.  While
9  the threat Plaintiff posed at this point may have been less, the
10 court cannot find it would have been impossible for Plaintiff to
11 been fighting with the officers after being pepper sprayed and
12 handcuffed.  Thus, the court agrees with the Magistrate Judge's
13 finding regarding Defendants' use of force.
14      Plaintiff also objects to the Magistrate Judge's conclusion
15 that Defendant Conklin is entitled to summary judgment on
16 Plaintiff's deliberate indifference to medical care claim.  A
17 prisoner's claim of inadequate medical care does not constitute
18 cruel and unusual punishment unless the mistreatment rises to the
19 level of "deliberate indifference to serious medical needs."
20 Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prison official
21 does not act in a deliberately indifferent manner unless the
22 official "knows of and disregards an excessive risk to inmate
23 health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).
24 Plaintiff appears to be contending that given the nature of is
25 wounds, Defendant Conklin should have done more for him.  To
26 survive a motion for summary judgment on the issue of deliberate
27 indifference a plaintiff must "put forward specific,
28 nonconclusory factual allegations that establish improper motive"

for the defendant's actions or omissions. Jeffers v. Gomez, 267 F.3d 895, 911 (9th Cir.2001) (internal quotations and citations omitted).  Here, Plaintiff has only stated his belief Defendant Conklin should have done more for him.  A "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).  Thus, Defendant Conklin is also entitled to summary judmgnet.

    Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations, filed May 27, 2005, are ADOPTED IN FULL;

2.  Defendants' motion to dismiss this action for plaintiff's failure to exhaust administrative remedies, filed August 25, 2004, is DENIED;

3.  Defendants' motion for summary judgment on plaintiff's excessive force claim against defendants Smyth, Tomlin, Escalera, Olivarria, Cribbs, Recek, and Pear; the supervisory liability claim against defendants Castro, Ortiz, and Land; and, the medical care claims against defendant Conklin, filed August 25, 2004, is GRANTED; and,

4.  The Clerk of the Court is DIRECTED to enter Judgement in favor of Defendants.

IT IS SO ORDERED.

**Dated:   August 26, 2005**           /s/ Anthony W. Ishii
0m8i78                          UNITED STATES DISTRICT JUDGE